GEORGE GROSSMAN, RELATOR, v. MAYOR AND ALDERMEN OF JERSEY CITY, RESPONDENTS.

Submitted January 27, 1928—Decided June 29, 1928.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the relator, *Levitan, Levitan & Auerbach.*

For the respondents, *Thomas J. Brogan.*

PER CURIAM.

This case is presented on a rule to show cause why a peremptory or alternative writ of *mandamus* should not issue directing the issuance of a permit to the relator to construct

a building in the city of Jersey City. On May 17th, 1927, the relator made application for the erection of a building for an automobile salesroom and garage near the corner of Bergen and Highland avenues, in the city of Jersey City. On May 24th, 1927, a resolution was introduced at a meeting of the board of commissioners of the city of Jersey City granting the permit upon the condition that the plans for the said structure comply with all the requirements of the building laws of Jersey City. This resolution was adopted. Between May 24th, 1927, and July 5th, 1927, the relator entered into obligations for the tearing down of the old and unoccupied buildings upon the tract of land and for the erection of the new building to the amount of $70,000. On July 5th, 1927, the resolution granting the permit was rescinded by the board of commissioners of Jersey City. The ground of rescission was that property owners on Highland avenue upon further investigation had learned that the building was to be used for the storage of automobiles. The rescinding resolution recited that the board of commissioners found as a fact that the erection of the structure would increase the fire hazard in the community and would otherwise be detrimental to the general welfare of the community in that neighborhood. No question of zoning was raised. The proposed building seems not to be prohibited by the zoning ordinance of Jersey City.

The relator insists that after one is granted a permit and has acted upon the same and incurred obligations thereunder, the permit cannot be revoked, citing the case of *Peerless Oil Co.* v. *Hague,* 4 *N. J. Mis. R.* 147, 148, and the case of *Montefiore Cemetery Co.* v. *Newark,* 3 *Id.* 1104. We have reached the opinion that there is sufficient merit in this contention to warrant the allowance to the relator of an alternative writ of *mandamus.* While depositions have been taken under the rule, there are some matters which seem to remain as yet in dispute and upon which further testimony can be taken. For this reason a peremptory writ will not be awarded.

An alternative writ of *mandamus* is, accordingly, awarded to the relator. Costs will abide the determination of the case.